BERGEN COUNTY' CIRCUIT COURT.

GEORGE M. MITCHELL, SR., plaintiff,

*v.*

HASBROUCK CONSTRUCTION COMPANY, a corporation, and
UNITED STATES FIDELITY AND GUARANTY COMPANY, a
corporation, defendants.

[Decided October 29th, 1923.]

**Surety—On Bond of Contractor to Owner for Erection of Build-
ing—Relation of Surety to a Subcontractor Who Claims
Surety Company is Liable to Him for Principal's Default.**

*Messrs. DeTurck & West,* for the plaintiff.

*Messrs. McDermott, Enright & Carpenter,* for the defend-
ant United States Fidelity and Guaranty Company.

NEWMAN, J.

The complaint in this case alleges that plaintiff and de-
defendant Hasbrouck Construction Company entered into a
contract for certain work on a house which the construction
company was to erect for one George Coogan, and that there-
after the construction company, as principal and defendant.
United States Fidelity and Guaranty Company, as surety,
entered into a bond to said Coogan and a building and loan
association. The bond provided that the principal and surety
"are held and firmly bound unto (the building and loan
and Coogan) in the sum of $8,850." And, after reciting
that the construction company had entered into a contract
with Coogan, the owner of the premises, for the construc-
tion of a dwelling thereon, provides further, that

Bergen Co. Circuit Court—Mitchell v. Hasbrouck Construction Co.

"the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or material, then this obligation shall be null and void," etc.

The complaint further shows that the construction company has failed to pay plaintiff moneys due him for labor and materials furnished by him to said construction company for the erection of said house.

Plaintiff, therefore, brings suit against the principal and surety on said bond, on the theory that the bond was a contract made for his benefit, and that he may therefore maintain an action thereon by virtue of section 28 of our Practice act.

Defendant United States Fidelity and Guaranty Company disputes his right, and moves to strike out the complaint so far as it relates to it.

Counsel for each party in their brief cite the same three cases, and profess to perceive in those case authority for their respective contentions. In my opinion, the case at bar is controlled by the opinion of our court of errors and appeals in the case of *Standard Gas Power Corp.* v. *New England Casualty Co.,* 90 N. J. Law 570. In that case the gas company sued the casualty company on a similar bond given by the casualty company to the Passaic Valley sewerage commissioners, on the same theory as that maintained by the plaintiff in this suit. The only difference in the conditions of the bond was that, in that case, the principal was to "pay for all labor performed and furnished and for all materials used," while in the case at bar the principal is to "pay all persons who have contracts directly with the principal for labor or materials." In that case the court, as in other cases, pointed out that the statute relied on permitted such suit only by a third party not privy to the contract for whose ben-

efit the contract was made, and did not extend to third parties who indirectly and incidentally would be advantaged by its performance. The court further held that the bond in question was limited to an indemnity of the obligee, and was not made for the benefit of persons who furnished materials. As a reason for arriving at that construction, the court pointed out that the bond provided that the principal and surety were held and bound unto the commissioners, and further provided that the penal sum therein expressed was to be paid to the commissioners, and that the condition of the bond was a mere limitation and restriction upon the language found in the obligation thereof.

In that case the contract between the principal and the obligee was construed in connection with the bond, and as a part thereof. The complaint in the present case does not set forth the terms of the contract between the construction company and Coogan. In the absence of anything which would alter the plain meaning of the bond, I am constrained to find that this bond was made simply for the benefit of the obligees, and to protect them against any damages or liens or suits by reason of the failure of the principal to pay any laborers or materialmen, and that the benefits of its provisions do not extend to the plaintiff.

The motion will therefore be granted, with costs.